UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LARRY KUBSCH,

    Plaintiff,

    v.      CAUSE NO. 3:22-CV-199-RLM-MGG

ST. JOSEPH CO. JAIL, et al.,

    Defendants.

OPINION AND ORDER

Larry Kubsch, a prisoner without a lawyer, filed a complaint against four defendants alleging that he is receiving constitutionally inadequate medical care, in violation of the Fourteenth Amendment. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Kubsch, who is housed at St. Joseph County Jail, alleges that starting in June 2021, he has been denied appropriate medical care for a left ear injury and torn rotator cuff in his left shoulder. He asserts that while he was initially prescribed a steroid for his injuries and told he would be sent for an MRI, he never had an MRI and hasn't received any further treatment. Mr. Kubsch says that because the

defendants haven't provided him with appropriate treatment, he spends $20.00 each week to purchase low-dose aspirin that doesn't help him. Mr. Kubsch has filed several grievances about his situation, but they have been ignored. His medical conditions continue to cause him tremendous pain and financial hardship.

Because Mr. Kubsch is a pretrial detainee, his rights arise under the Fourteenth Amendment. Miranda v. Cty. of Lake, 900 F.3d 335, 352 (7th Cir. 2018) (*citing* Kingsley v. Hendrickson, 576 U.S. 389 (2015)). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*. *Id*. Our court of appeals has explained that the inquiry for assessing a due process challenge to a pretrial detainee's medical care entails two steps. *Id*. at 353. To state a claim under the Fourteenth Amendment, a plaintiff must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" of his actions. *Id*. at 345. He must also allege that the medical care he received, or the denial of that medical care, was "objectively unreasonable." *Id*. (emphasis omitted).

Mr. Kubsch's complaint is deficient for a number of reasons. First, while he is unhappy with his medical care, he doesn't describe the care he has received or how it was deficient. Mr. Kubsch seems to allege only that he is taking a low dose of aspirin that isn't helping him and he didn't have an MRI. He hasn't tied any of his allegations to a specific defendant. Mr. Kubsch's allegations regarding his medical care are not sufficient to state a claim upon which relief can be granted.

Next, Mr. Kubsch can't proceed against the defendants he has named in this case. First, he has sued St. Joseph County Jail, but he can't sue the jail because it's a building and you can't sue a building. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). Mr. Kubsch has also sued Wellpath, Becon Health, and Becon Health Net. But Wellpath, Becon Health, and Becon Health Net can't be held liable just because they employ the medical staff at St. Joseph County Jail. J.K.J. v. Polk Cty., 960 F.3d 367, 377 (7th Cir. 2020). To the extent Mr. Kubsch may be trying to sue unnamed staff of Wellpath, Becon Health, and Becon Health Net, he can't proceed against unnamed defendants. *See* Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

Mr. Kubsch's complaint doesn't state a claim, but the court will give him a chance to replead, if after reviewing this order, he thinks he can state a claim. Luevano v. WalMart Stores, Inc., 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006). In any amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Larry Kubsch;

(2) GRANTS Larry Kubsch until **August 9, 2022**, to file an amended complaint on that form; and

(3) CAUTIONS Larry Kubsch that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim on which relief can be granted.

SO ORDERED on July 7, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
